**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRENDA J. LINDSEY, | No. 09-35668 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01324-RSM |
| v. | |
| THE BOEING COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Brenda J. Lindsey appeals pro se from the district court's summary

judgment in her employment action alleging discrimination and retaliation in

violation of Title VII and the Washington Law Against Discrimination ("WLAD").

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

court's grant of summary judgment. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We review for an abuse of discretion the district court's denial of a request for a continuance under Fed. R. Civ. P. 56(f). *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment because Lindsey failed to raise a genuine issue of material fact as to whether her employer's legitimate, nondiscriminatory reasons for her suspensions and termination were a pretext for discrimination or retaliation. *See Vasquez*, 349 F.3d at 640-42, 646; *see also Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 875 n.9 (9th Cir. 2001) ("'decisions interpreting [Title VII] are persuasive authority for the construction of [WLAD]'" (alterations in original) (quoting *Xieng v. Peoples Nat'l Bank*, 844 P.2d 389, 392 (Wash. 1993))).

The district court did not abuse its discretion in denying Lindsey's request for a continuance under Rule 56(f) to conduct additional discovery because Lindsey failed to show how allowing additional discovery would have precluded summary judgment. *See Tatum*, 441 F.3d at 1100-01.

Lindsey's remaining contentions are unpersuasive.

**AFFIRMED.**